1

2

3

4

5

6

7

8                 IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10 ROBERT ALVIN WOOLEVER, JR.,

11            Petitioner,              No. CIV S-09-0126 DAD P

12     vs.

13 DARREL ADAMS,

14           Respondent.       <u>ORDER</u>

15 _____/

16          Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas

17 corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner has filed a motion for a stay and abeyance and

18 respondent has filed an opposition to that motion. In addition, petitioner has filed a petition for

19 writ of mandate and respondent has filed a request for an extension of time to file a response to

20 the petition.

21          In his motion for stay and abeyance, petitioner contends that he was "made aware

22 of issues" that were not raised on direct appeal in state court and that it has been "conveyed to

23 him that a number of ineffective assistance of counsel issues are cognizable and others of

24

_____

25     [1] The petition was filed on January 6, 2009 and a copy of the petition was re-filed on
February 3, 2009. The copy will be placed in the file and disregarded. Petitioner contends that
26 his petition contains only exhausted claims. (Mot. for Stay at 2.)

instructional error, some I.A.C. issues being dovetailed with the instructional." (Mot. for Stay at 1.) Petitioner asserts that he did not raise these issues earlier because he is not represented by counsel and is not knowledgeable about the law. (Id. at 3.) Petitioner does not provide further details about his unexhausted claims.

The Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances" and that a stay "is only appropriate when the district court determines there is good cause for the petitioner's failure to exhaust his claims first in state court." Rhines v. Weber, 544 U.S. 269, 277 (2005). Even if a petitioner shows good cause, the district court should not grant a stay if the claims are plainly meritless. Id. Finally, federal proceedings may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78.

Petitioner's pending motion for stay and abeyance is vague and conclusory. The court is unable to determine whether petitioner has good cause for failing to exhaust all of his claims before filing this action, whether petitioner's unexhausted claims are potentially meritorious, and whether he has acted with diligence. See Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987 nn. 8 & 11 (9th Cir. 1998) (failure to make a showing of diligence in pursuing additional claims may foreclose a stay). For these reasons, petitioner's motion will be denied without prejudice to the filing of a new motion.

Petitioner will be granted thirty days to file a new motion to stay proceedings. The motion submitted for filing must include a proof of service showing that a copy of the motion was served on respondent's counsel. The motion must (1) show good cause for petitioner's failure to exhaust all claims prior to filing this action, (2) identify petitioner's unexhausted claims and demonstrate that each is potentially meritorious, (3) describe the status of state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted with diligence in pursuing additional claims.

/////

In light of this court's order, the February 3, 2009 order requiring respondent to file a response to the habeas petition will be vacated. Therefore, respondent's application for an extension of time will be denied as unnecessary.

In his petition for writ of mandate, petitioner seeks a court order that would require prison authorities or respondent to provide him with access to the law library or preferred legal user status. The court is not persuaded that a court order is necessary in that regard. When the petition for writ of mandate was filed, petitioner was not under any pending court deadlines and, by this order, petitioner has now been granted leave to file a new motion for stay and abeyance. Thus, petitioner has not been harmed by the prison's current policies or regulations with respect to his use of the law library. Petitioner should therefore attempt to resolve any issues he has with his access to the law library with the appropriate prison staff.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's February 14, 2009 motion for stay and abeyance (Doc. No. 9) is denied without prejudice;

2. Within thirty days from the date of service of this order, petitioner shall file and serve his motion for a stay and abeyance as set forth above. Respondent shall file his opposition within thirty days after service of the motion;

4. The court's February 3, 2009 order requiring respondent to file a response to the habeas petition is vacated;

5. Respondent's application for an extension of time to file a response to petitioner's habeas petition (Doc. No. 12) is denied as unnecessary; and

6. Petitioner's March 25, 2009 petition for a writ of mandate (Doc. No. 11) is denied.

DATED: April 8, 2009.

_Dale A. Drozd_
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
wool0126.msty

3