IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ALVIN WOOLEVER, JR.,

    Petitioner,                            No. CIV S-09-0126 DAD P

    vs.

DARREL ADAMS[1],                       ORDER

    Respondent.

_____/

        Petitioner is a state prisoner proceeding pro se with an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondent's motion to dismiss four of the six claims set forth in the petition as barred by the applicable statute of limitations because they fail to relate back to the timely presented claims in the original petition filed in this action. Petitioner has not filed an opposition to the motion.[2]

---

[1] Respondent notes that the current Warden of California State Prison - Corcoran is Raul Lopez and not Darrel Adams. Respondent's request that Raul Lopez be substituted for Darrel Adams will be granted.

[2] On July 26, 2010, petitioner filed a request for a 45-day extension of time to file his opposition. On August 5, 2010, the court granted petitioner's request and ordered petitioner to file his opposition on or before September 17, 2010. On December 8, 2010, petitioner inquired with the court regarding the status of his case, but did not indicate that he intended to file an opposition to the pending motion.

**BACKGROUND**

In 2006, petitioner was convicted of inflicting corporal injury on a cohabitant, making criminal threats, stalking, and damaging a phone line. (Resp't Lodged Doc. ("Lod. Doc.") No. 4, Opinion of Cal. Ct. of Appeal, at 1.) The trial court found a prior domestic violence enhancement allegation and a prior serious felony allegation brought pursuant to California Penal Code § 677.5(b) to be true. (Id.) Petitioner was sentenced to an aggregate prison term of 22 years. (Id. at 2.)

Petitioner filed an appeal with the California Court of Appeal for the Third Appellate District. (Lod. Doc. No. 1, Opening Brief.) On May 13, 2008, the California Court of Appeal issued its ruling, concluding that the one-year sentencing enhancement under California Penal Code § 677.5(b) should be stricken but in all other respects affirming the judgment of conviction. (Lod. Doc. No. 4. at 16-17.)

On June 6, 2008, petitioner's appointed counsel filed a petition for review with the California Supreme Court. (Lod. Doc. No. 5, Petition for Review, at 1.) On July 16, 2008, the court denied the petition. (Lod. Doc. No. 6, Order of California Supreme Court, at 1.)

On January 3, 2009, petitioner mailed his federal habeas petition to the United States District Court for the Eastern District of California, Fresno Division.[3] (Court Doc. No. 1 at 38.)

Petitioner provided four grounds for relief in his federal habeas petition:

Ground One: The trial court erred in admitting the testimony of Angela Riel about prior acts of domestic violence (U.S. Const. Amends 5 and 14)

/////

---

[3] The court has applied the mailbox rule to all of petitioner's state and federal habeas petitions. Under the mailbox rule, a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the petition may have been received by the court. Houston v. Lack, 487 U.S. 266, 270 (1988); see also Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010).

      Ground Two: The trial court erred as a matter of law when it admitted Evid. Code sec 1109[4] evidence on the stalking charge (U.S. Const. Amend 5, 14)

      Ground Three: The trial court erred when it denied the defense motion to run sentence concurrent [sic] on Counts 4 and 5.

      Ground Four: If there is any evidence to support a finding of a threat that supports Count 4 apart from Count 5 [sic] (U.S. Const. Amends 5, 6 [sic])

(Id. at 4-5.) On January 14, 2009, the federal habeas action was transferred to this court.[5]

On February 3, 2009, the court ordered respondent to file a response and for petitioner to file an appropriate reply. (Doc. No. 5.)

On February 13, 2009, petitioner filed a motion for a stay and abeyance. (Doc. No. 9.) On April 9, 2009, the motion was denied without prejudice and petitioner was ordered to file a new motion within thirty days and to provide information in support of his motion as required by Rhines v. Weber, 544 U.S. 269 (2005). (Doc. No. 13.) On June 9, 2009, the court granted petitioner's request for an extension of time to file his motion for stay and abeyance. (Doc. No. 16.)

On June 26, 2009, petitioner mailed a petition for a writ of habeas corpus to the California Supreme Court. (Lod. Doc. No. 7, Calif. Supreme Court Habeas Petition.)

On July 6, 2009, petitioner filed his new motion for a stay and abeyance. (Doc. No. 17.) Respondent filed an opposition to the motion. (Doc. No. 18.) Before the court could rule on that motion, petitioner filed a motion for leave to file an amended federal habeas petition and informed this court that on November 19, 2009, the California Supreme Court had denied his state habeas petition. (Doc. No. 20; Lod. Doc. No. 8.) On March 15, 2010, the court denied the

---

[4] California Evidence Code § 1109(a)(1) provides: "in a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other domestic violence is not made inadmissible . . . ."

[5] On February 3, 2009, petitioner filed a copy of his federal habeas petition. (Doc. No. 6.) The court has disregarded this duplicative petition.

motion for a stay and abeyance as moot and granted petitioner's motion for leave to file an amended petition. (Doc. No. 22 at 1-2.)

Petitioner's amended federal habeas petition was mailed on April 9, 2010. (Doc. No. 23.) That amended petition presents six grounds for relief:

> Ground one: The trial court erred in permitted Angela Riel to testify about other acts of domestic violence.
>
> Ground two: There was trial error in the use of prior acts evidence
>
> Ground three: Petitioner contends that trial counsel was ineffective for failing to conduct a reasonable pretrial investigation.
>
> Ground four: The cumulative effect of the error petitioner's trial counsel made rendered his trial the functional equivalent of a guilty plea, and deprived him of the right to put up a viable defense to the charges.
>
> Ground five: Petitioner contends that his right to due process was violated by the prosecutor alluding to the fact that petitioner remained silent-refusing to testify
>
> Ground six: Petitioner contends that the jury instruction No. 220 reduced the prosecution's burden proof [sic] by advising the jury to weigh the evidence in a manner suggestive of the lesser preponderance of the evidence standard.

(Doc. No. 23 at 4-7.)

On May 3, 2010, the court ordered respondent to file a response to the amended petition. (Doc. No. 25.) On June 18, 2010, respondent filed the pending motion to dismiss.

## MOTION TO DISMISS

Respondent argues that claims three through six in the amended petition are barred by the AEDPA statute of limitations. Specifically, respondent argues that petitioner's underlying conviction became final on October 14, 2008, ninety-days after the California Supreme Court denied petitioner's petition for review. (Mot. to Dismiss ("MTD") at 3.) According to respondent, the statute of limitations for the filing of a federal habeas petition began to run on October 15, 2008, and the last day to file a timely federal habeas petition was on October 14, 2009, plus any time properly subject to tolling. (Id.) Respondent notes that applying

4

the mailbox rule, on June 26, 2009, petitioner filed his only state habeas petition with the California Supreme Court. (Id. at 3-4.) That petition was denied on November 19, 2009. Therefore, respondent contends petitioner is entitled to 147 days of statutory tolling during the pendency of that petition. (Id. at 4.) Respondent observes that adding those 147 days to the date the statute of limitations period would have otherwise expired, a timely federal habeas petition would have to be filed on or before March 10, 2010. (Id.)

Respondent concedes that petitioner filed his original federal habeas petition before the AEDPA statute of limitations expired and that, therefore, the claims set forth in the original petition are timely. (Id.) However, respondent argues, petitioner's amended petition was filed on April 9, 2010[6], after the statute of limitations had expired and that claims three through six set forth therein are new claims that were not raised in petitioner's original petition. (Id.) Respondent argues that those new claims are barred unless petitioner can show that they relate back to the original, timely filed, petition. (Id.)

**ANALYSIS**

I. The AEDPA Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). The period of limitation applies to all federal habeas petitions filed after the statute was enacted. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997). Because this action was commenced in 2009, the AEDPA period of limitation is applicable to the amended petition before the court.

The AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

/////

---

[6] This is the date the amended petition was placed in the facility's mail collection system for mailing. See Am. Pet. at 9.

judgment of a State court.  The limitation period shall run from the latest of --

(A) date on which judgment became final by the conclusion of direct review or that time period;

(B) date on which the impediment to filing an application is removed;

(C) date on which the constitutional right asserted was initially recognized by the Supreme Court; or

(D) date on which the factual predicate of the claim(s) could have been discovered

 (d)(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

II. <u>Application of § 2244(d)(1)(A) and (d)(2)</u>

Respondent is correct in noting that petitioner's judgment of conviction became final on October 14, 2008, ninety-days after the California Supreme Court denied his petition for review.  The court also concurs that petitioner is entitled to 147-days of statutory tolling while his habeas petition was pending before the California Supreme Court.  Therefore, the statute of limitations for the filing of a federal habeas petition in this case expired on March 10, 2010.  Since petitioner's amended petition was filed after the AEDPA statute of limitations expired, the new claims in petitioner's amended petition are untimely, unless they relate back to the claims set forth in his original federal petition.

III. <u>Relation Back</u>

An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of civil procedure applicable to civil actions." 28 U.S.C. § 2242.  <u>See</u> <u>also</u> Rule 11, Fed. R. Governing § 2254 Cases (providing that the Federal Rules of Civil Procedure may be applied in habeas corpus proceedings to the extent that the rules of civil procedure are not inconsistent with any statutory provision or with the rules governing habeas cases); Fed. R. Civ. P. 81(a)(4) (providing that the Federal Rules of Civil Procedure are applicable to habeas corpus

proceedings to the extent that the practice in the proceedings is not governed by federal statute, the Rules Governing Section 2254 Cases, and the Rules Governing Section 2255 Cases).

Under Rule 15(c) of the Federal Rules of Civil Procedure, a petitioner's amendments made after the statute of limitations has expired will relate back to the date of his original pleading if the new claims arose out of the same conduct, transaction, or occurrence set forth, or attempted to be set forth, in the original pleading. See Mayle v. Felix, 545 U.S. 644 (2005). In Mayle, the Supreme Court explained that "[t]he 'original pleading' to which Rule 15 refers is the complaint in an ordinary civil case, and the petition in a habeas proceeding." Id. at 655. The Court observed that the complaint in an ordinary civil case need only provide fair notice of the plaintiff's claim and the grounds on which the claim rests, while a habeas petition is required to specify all grounds for relief available to the petitioner and state the facts supporting each ground for habeas relief. Id. Because of this difference between civil complaints and habeas petitions, the relation back of new habeas claims "depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Mayle, 545 U.S. at 659. See also Hebner v. McGrath, 543 F.3d 1133, 1138 (9th Cir. 2008) (admission of evidence during a trial and the instructions given to the jury after the close of evidence are two discrete occurrences that do not share a common core of operative fact); United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005) ("[A] petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney misfeasance."), cert. denied 547 U.S. 1217 (2006); Jones v. Woodford, No. CIV 03-1463 J(RBB), 2008 WL 505230, at *42 (S.D. Cal. Feb.25, 2008) (new claims that involve different errors and different times from those previously alleged do not relate back to the filing of the earlier federal petition).

In this case, the court find that claims 3, 4, 5, and 6 in the amended petition do not relate back to the claims set forth in petitioner's original petition. These new claims allege

ineffective assistance of counsel, prosecutorial misconduct, and an erroneous jury instruction with respect to the prosecution's burden of proof.  On the other hand, in his original, timely filed petition, plaintiff alleged only trial court error in admitting testimony regarding prior acts of domestic violence and stalking, sentencing error and the insufficiency of the evidence with respect to the threat charge made against him.  New claims 3, 4, 5 and 6 in the amended petition simply do not share the same legal theory or the same core of operative facts as the claims in petitioner's original petition.  It is not enough that all of the claims stem from the same trial and conviction.  Mayle, 545 U.S. at 662 ("If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance."); see also Kirk v. Burge, 646 F. Supp.2d 534, 551 (S.D.N.Y. 2009) (new ineffective assistance of counsel claims found to differ in "time and type" for relation back purposes from petitioner's original claims of trial court and sentencing error); Cole v. Allison, No. CIV S-09-2549 LKK DAD P, 2011 WL 703665, at *5 (E.D. Cal. Feb 18, 2011) (sentencing error claims do not relate back to timely filed claims alleging improper admission of evidence at trial).  Because petitioner's new claims 3, 4, 5 and 6 do not relate back to the claims presented in his original petition, they are time-barred.

      Petitioner has provided no explanation for his delay in presenting these new claims for federal habeas relief.  Indeed, in his first motion for a stay and abeyance, which was filed before the one-year statute of limitations for seeking federal habeas relief had expired, petitioner specifically stated that he understood "the importance to include all federal claims in an initial petition, whether they are exhausted or not, for the fact that claims in an amended petition that were not included in the original petition do not relate back to the original petition if they are based on 'facts that differ in both time and type from those the original pleading sets forth'[.]"  (Doc. No. 9 at 4.)  Under these circumstances, the relation back doctrine cannot save the new claims which petitioner has sought to raise in his amended petition filed after the statute of limitations for seeking federal habeas relied has expired.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to substitute Raul Lopez for Darrel Adams as the respondent in this action;

2. Respondent's June 18, 2010 motion to dismiss claims three through six as filed beyond the one-year statute of limitations (Doc. No. 29), is granted;

3. Within sixty days from the service of this order, respondent shall file and serve an answer with respect to claims 1 and 2 of the amended petition. See Rule 4, Fed. R. Governing § 2254 Cases. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the amended petition. See Rule 5, Fed. R. Governing §2254 Cases; and

4. Petitioner's reply, if any, shall be filed and served within thirty days after service of the answer.

DATED: March 7, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
wool0126.mtd